

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

EAG

April 30, 2021

By ECF

The Honorable Eric R. Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Victor Orena
              Criminal Docket No. 92-351 (EK)

Dear Judge Komitee:

      As the Court is aware, the defendant has filed a motion to vacate his conviction, after trial, for use of a firearm in connection with a murder conspiracy and the government has conceded that the firearm conviction cannot stand in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), requiring the Court to undertake a full de novo resentencing. At a status conference held today in connection with the pending motion to vacate, the defendant advised that he intended to file a motion for compassionate release, in response to which the government questioned whether such a motion would be ripe for the Court to rule upon. The Court asked the government to provide its position on the matter in writing. The government respectfully submits this letter to advise the Court of its position.

      Based on the government's understanding that the Court has not yet granted the defendant's motion to vacate his conviction for use of a firearm and has not yet ordered a de novo resentencing on the remaining counts, the government respectfully submits that the defendant could now move for compassionate release and that the motion would be ripe for the Court's consideration. Should the Court rule on the motion to vacate (or determine that it has in fact already ruled on such a motion), the government respectfully submits that there is not a sentence in place that may be reduced and, therefore, a motion for compassionate release would not be ripe. See 18 U.S.C. § 3582(c) ("[t]he court may not modify a term of imprisonment once it has been imposed except that— [describing the parameters for a motion for compassionate release]") (emphasis added). Of course, in that event, the Court could proceed to a re-sentencing and would have the opportunity to consider at the re-

sentencing proceeding the same factors that give rise to any motion for compassionate release that the defendant may seek to file.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By: /s/
Elizabeth Geddes
Assistant U.S. Attorney
(718) 254-6430

cc: Clerk of the Court (ERK) (by ECF)
David Schoen, Esq. (by ECF)