David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: 334-395-6611
Facsimile: 917-591-7586
E-Mail: Schoenlawfirm@gmail.com

**REDACTED**

July 13, 2021

Honorable Eric R. Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201     Re: *U.S. v. Orena*; 92-cr-351 (EK) (Related: 20-cv-4548 (EK))
\*  Via ECF (UNDER SEAL)  \*

Dear Judge Komitee:

I represent Mr. Victor Orena, in the above-referenced case and with this letter motion, Mr. Orena respectfully moves the Court for his release from prison, pursuant to 18 U.S.C. §3582(c)(1)(A)(i). I will set out below the framework for evaluating such a motion and I will address each factor. In light of the sensitive medical information at issue in this motion, which I will describe and provide relevant medical records in support of, I will be seeking leave to file the full version of the letter under seal, consistent with Section II. B. of Your Honor's Individual Practices and Rules (May 3, 2021) and the E-Government Act of 2002, while publicly filing a redacted version through the ECF system, if the Court authorizes the requested redactions..

### THE FIRST STEP ACT AUTHORIZES THE REQUESTED RELIEF

"Section 3582(c)(1)(A)(i) "empowers a court to reduce a defendant's term of imprisonment if it finds that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 422 (S.D.N.Y. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i))." *United States v. Colon*, 2021 U.S. Dist. LEXIS 41244, \*2 (E.D.N.Y., March 4, 2021).

**The Analytical Framework:**

The Court in *United States v. Thrower*, 495 F. Supp. 3d 132, 137-138 (E.D.N.Y. 2020), succinctly set out the established framework for the defendant's burden and the court's analysis with respect to a motion for compassionate release under the First Step Act as follows:

"To qualify for such relief, defendants must show: (1) that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf," or that thirty days have lapsed "from the receipt of such a request by the warden of [their] facility, whichever is earlier"; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that these reasons outweigh "the factors set forth in section 3553(a) to the extent that they are applicable"; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); *see United States v. Cato*, No. 16-CR-326 (ARR), 2020 U.S. Dist. LEXIS 175554, 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (noting that defendant bears the burden of proof). "Even if a defendant carries this burden, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *Cato*, 2020 U.S. Dist. LEXIS 175554, 2020 WL 5709177, at *3 (internal quotation marks omitted).

Accordingly, in determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that defendants present to support a sentence reduction. *United States v. Brooker*, No. 19-3218, 976 F.3d 228, 2020 U.S. App. LEXIS 30605, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020).[1] "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" 2020 U.S. App. LEXIS 30605, [WL] at *8 (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission's policy statement explicating "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) is not binding on a district court, see 2020 U.S. App. LEXIS 30605, [WL] at *6, but it does provide some guidance. Where a defendant seeks a sentencing modification due to medical conditions, the Sentencing Commission suggests that "extraordinary and compelling reasons" may exist in two scenarios. First, "[a] defendant is [**8] suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S. Sentencing Comm'n, U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1(A)(i) (2018) ("U.S.S.G."). Second, "[a] defendant is . . . suffering from a serious physical or medical condition, . . . suffering from a serious functional or cognitive impairment, or . . . experiencing deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [the defendant] is not expected to recover." Id. cmt. 1(A)(ii). In any scenario, "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *Id*. cmt.

---

[1] *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

1(A)(ii)cmt. 2.

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. 18 U.S.C. §3582(c)(1)(A)

These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . . .
(5) any pertinent [Sentencing Commission] policy statement . . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.
*Id*. § 3553(a).

A sentence reduction is consistent with the Sentencing Commission's policy statements if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The § 3142(g) factors are largely duplicative of those in § 3553(a), but they also include "whether the offense is a crime of violence" and "the weight of the evidence against the [defendant]." 18 U.S.C. § 3142(g)(1)-(4).

*United States v. Thrower*, 495 F. Supp. 3d 132, 137-138 (E.D.N.Y. 2020)

**1. The Exhaustion Requirement Has Been Fully Met**:

    The text of 18 U.S.C. §3582(c)(1)(A) provides two pathways by which a defendant can file a motion for compassionate release. Either defendants may exhaust an administrative right to appeal the BOP's failure to file such a motion, or wait 30 days after requesting that they do so. 18 U.S.C. §3582(c)(1)(A)(ii). The statute further specifies that "whichever is earlier" among these two potential dates is the date on which the defendant is ordinarily allowed to file. *Id.*

    It is manifest that Congress's intent in enacting 18 U.S.C. §3852(c)(1)(A) was to provide

a defendant with an expeditious manner for seeking compassionate release, which by its very nature, requires immediate intervention by one of the two parties who have authority over the defendant's custody, either the BOP or the Court.

There is no issue in this case concerning Mr. Orena's exhaustion of his administrative rights under 18 U.S.C. § 3582(c)(1)(A). In fact, Mr. Orena has fulfilled the exhaustion requirement twice.

For years, Mr. Orena has been housed in a federal medical center (FMC Devens) and is kept in an inpatient medical unit due to his severely debilitated medical condition and need for full-time care and service. In 2019, he filed a *pro se* administative request for compassionate release/reduction in sentence pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), section 3 (b). Upon information and belief, the Warden at FMC Devens granted Mr. Orena's *pro se* request and recommended his release from prison.[2] However, on review of the Warden's decision, Ken Hyle, the Bureau of Prisons' Assistant Director and General Counsel overrode the Warden and denied Mr. Orena's request, thereby exhausting the administrative appeal process for purposes of 18 U.S.C. 3582(c)(1)(A), making this filing before Your Honor ripe.

Notably, in denying Mr. Orena's administrative request, the Assistant Director acknowledged that Mr. Orena does, indeed, suffer from multiple extraordinarily serious medical conditions and meets the statutory criteria for a "debilitated medical condition" and for a corresponding Reduction in Sentence ("RIS"). He simply unilaterally opined that Mr. Orena's release at that time (May 3, 2019) "would minimize the severity of the offense and pose a danger to the community.[3]" [Exhibit 1] *See United States v. Asaro*, 2020 U.S. Dist. LEXIS 68044 (E.D.N.Y., April 17, 2020) (granting compassionate release, notwithstanding similar position taken by Hyle).

Secondly, on April 3, 2020, I initiated a second administrative request for Mr. Orena's compassionate release through the Warden's office at FMC Devens. While eventually, over the course of the next year, certain medical records and a copy of Mr. Hyle's May 3, 2019 decision overriding the Warden were provided to me, no administrative decision ever was provided to this second request; and, of course, far more than thirty (30) days has elapsed since then, thereby further satisfying the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

---

[2] I specifically requested a copy of the Warden's decision from the administrative staff at FMC Devens during the course of our email correspondence in connection with trying to obtain Mr. Orena's medical file. I was advised that they would not provide the Warden's decision and recommendation granting Mr. Orena's request to me and I do not have a copy.

[3] In contrast to Mr. Hyle's unilateral and unsupported view that Mr. Orena would have posed a danger to the community, on April 20, 2021, Mr. Orena was evaluated by the BOP as to the level of risk he poses, as part of a system-wide evaluation, and the BOP concluded that Mr. Orena falls at the very lowest level of risk possible - "Minimum." [Exhibit 2].

## 2. Extraordinary and Compelling Circumstances Warrant Granting Relief:[4]

### Relevant Legal Framework

In evaluating whether a defendant has presented circumstances which constitute "extraordinary and compelling reasons" for a compassionate release, it is now well settled that district courts have broad discretion to consider the "the full slate" of arguments the defendant puts before the court. *Brooker*, 976 F.3d 228 at 237. This is so in construing the "extraordinary and compelling language in both 18 U.S.C. § 3582(c)(1)(A)(i) and in U.S.S.G. §1B1.13. *Id*. at 234-238; *see also, United States v. Elias*, 984 F.3d 516, 519-520 (6th Cir. 2021) (§ 1B1.13 need not be considered when a compassionate release motion is brought directly by a defendant; the court has the discretion to define "extraordinary and compelling")[5]; *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020) (same); *Thrower*, 489 F. Supp. 3d at 137-138.

As the Court is aware, the remand of this case from the Second Circuit was for the purpose of allowing Mr. Orena to be re-sentenced *de novo* and to enable him to file a new §2255 motion. However, following the remand, the Court was made aware that Mr. Orena intended to file a motion for compassionate release under §3582. The Court graciously has permitted Mr. Orena to file his §3582 motion first, given the nature of Mr. Orena's health. Under those circumstances, I have made the decision to limit the discussion of the grounds presented in this motion as constituting "extraordinary and compelling" reasons for his compassionate release to the medical conditions that support the same.

There are other kinds of reasons under *Brooker* that Mr. Orena would respectively submit

---

[4] Mr. Orena readily satisfies the "extraordinary and compelling circumstances" criteria of 18 U.S.C. § 3582(C)(1)(A)(i). In addition, Mr. Orena notes that 18 U.S.C. § 3582(C)(1)(A)(ii) provides an alternative ground for compassionate release if the inmate is at least seventy (70) years of age, has served at least 30 years in prison on a sentence imposed under 18 U.S.C. §3559(c), and is not a danger to the community. This past April 1st, marks twenty-nine (29) years since Mr. Orena's arrest and the start of his continuous incarceration on this charge. While he was not properly subject to any mandatory minimum sentence as contemplated by § 3559(c), the spirit of that provision, at least, certainly makes the case for alternative grounds for his release now.

[5] The only statutory limitation to this broad discretion is that, while post-sentence rehabilitation is of course a relevant factor to be considered in evaluating a compassionate release motion, rehabilitation *alone* cannot satisfy the "extraordinary and compelling" criteria. *Brooker*, 976 F.3d at 237-238. That limitation is based on a statute related to the work of the Sentencing Commission, 28 U.S.C. § 944(t) and so one might fairy question whether it is a binding restriction under an advisory Guidelines regime; but the *Brooker* Court appears to treat it as binding. In any event, Mr. Orena certainly does not seek his compassionate release based on his noteworthy post-sentencing rehabilitation alone.

constitute "extraordinary and compelling" reasons as well, unrelated to his medical conditions. These include, but are not limited to, (1) the disparity between the sentence imposed on him in this case and sentences imposed on others charged with crimes in this district of the same or similar nature, including in the so-called "Colombo War;"[6] (2) evidence about the integrity of his conviction, only ascertained long after his sentence began, which includes exculpatory evidence brought to Mr. Orena from one of the government's top echelon confidential informant ('TECI'), intimately familiar with the facts of this case and who worked with the original prosecution team, and (3) information acquired through a FOIA requested, indicating that a person of primary relevance to the events underlying this case was actually working as a TECI for many years.

Mr. Orena wants to make clear that he in no way intends to waive those issues insofar as they are independently relevant to a showing of "extraordinary and compelling" reasons for a reduction in sentence; however, the issues will require a great deal of time for both sides to fully develop for the Court's evaluation. They will be presented in the context of Mr. Orena's §2255 motion, should that become necessary, and at any *de novo* re-sentencing and their additional relevance to a subsequent §3582 motion can be presented at that time. However, in light of his serious, pressing medical condition, this motion now is limited to the "extraordinary and compelling" circumstances of a medical nature, without waiving any other reasons.

**Factual Summary of Mr. Orena's Extraordinary and Compelling Medical Condition and Legal Analysis Applied:**

**REDACTED**

**3. The Reasons Set Out Above Outweigh the §3553(a) Factors to the Extent They Apply.**

I respectfully submit to Your Honor that "notwithstanding the seriousness" of the criminal conduct for which Mr. Orena was convicted, a sentence of time served that provides for his immediate compassionate release from prison after almost 30 years, appropriately "reflects the seriousness of the offense," "affords adequate deterrence to criminal conduct," "protects the public from further crimes of the defendant," and "provides just punishment for the offense." *See United States v. Scarpa*, 2020 U.S. Dist. LEXIS 210904, *6-*8, 2020 WL 6591455 (E.D.N.Y., November 11, 2020); *United States v. McGraw*, 2019 U.S. Dist. LEXIS 78370, 2019 WL 2059488, *5 (S.D. Ind., May 9, 2019) (granting compassionate release, notwithstanding "very serious" criminal conduct and life sentence, noting factor of deteriorating medical condition); *United States v. Rice*, 2020 U.S. Dist. LEXIS 139807, 2020 WL 450813, *4 (S.D.N.Y., August 5, 2020) (granting compassionate release, notwithstanding "very serious crimes;" advanced age and serious health problems significantly lessen likelihood of recidivism);

---

[6] *See United States v. Ball*, 2021 U.S. Dist. LEXIS 107594, *13-*14, 2021 WL 2351088 (E.D. Mich., June 9, 2021) (granting 10 year reduction in sentence based on disparity); *United States v. Hasanoff*, 2020 U.S. Dist. LEXIS 199816, *18, 2020 WL 6285308 (S.D.N.Y., October 27, 2020) (same for *al-Qaeda* related terrorism supporter); 18 U.S.C. §3553(a)(6).

*United States v. Wong Chi Fai*, 2019 U.S. Dist. LEXIS 126774, 2019 WL 3428504, *3-*4 (E.D.N.Y., April 8, 2019) (compassionate release granted for violent gang leader serving life sentence in frail health).

Mr. Orena has had an excellent institutional record. He has pursued a long-standing interest in religious study and observance and received ordination as a minister of the Holy Eucharist many years ago, when he was able to participate in such activities. He also actively participated in teaching opportunities for at-risk youth sponsored by the NAACP and other organizations, working to teach such youth the importance of staying out of trouble. He has helped many other inmates better themselves as well. I have not yet been able to obtain records documenting Mr. Orena's church activities and ordination after 2004; but I have a certificate attesting to his designation as a minister, through the Atlanta Archdiocese in 1997 and a certificate reflecting the completion of 50 hours of Catechism training in 2004 and can produce them at the Court's direction. Suffice it to say that, by any standards, in terms of rehabilitation, prior to his severe mental impairment, Mr. Orena reflected an example of full rehabilitation and did a great deal to help others get or stay on the right track.

## 4. The Relief Requested is Consistent with Sentencing Commission Policy Statements.

As the Court wrote in *United States v. Thrower*, a sentence reduction is consistent with the Sentencing Commission's policy statements if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). *United States v. Thrower*, 495 F. Supp. 3d 132, 137-138 (E.D.N.Y. 2020).

Mr. Orena will be 87 years old in three weeks. There is no evidence that Mr. Orena poses any danger to the safety of any other person or to the community, especially in light of his serious medical conditions and his institutional record. Moreover, the Bureau of Prisons has formalized a risk of violence assessment program, based on comprehensive criteria preceding and including the inmate's time of incarceration. https://www.ojp.gov/pdffiles1/nij/256084.pdf . The BOP performed its formal risk assessment on Mr. Orena on April 28, 2021 and concluded that his risk for violence is at the lowest level: **"Minimum"** [Exhibit 2].

His medical condition certainly qualifies him compassionate release consistent with the Sentencing Commission policy statements set out hereinabove.

## 5. Mr. Orena's Home Plan Upon Release is Ideal.

Mr. Orena has children and grandchildren who live for the moment he is released from prison and who are prepared to bring him home and provide a fully supportive loving home for him, addressing all of his mental health and physical condition needs. Attached as Exhibit 4 is a set of letters from some of his children and grandchildren telling the Court how much they miss him and love him and want him home. They will all work together to manage his care and to keep him comfortable and safe in his home.

## CONCLUSION

Based on all of the foregoing, I respectfully ask the Court to enter an Order providing for Mr. Orena's compassionate release from the custody of the BOP to allow him to return to his family to address his serious medical needs and to live out his life at home, with his family, after having served almost 30 years in prison.

Respectfully,

/s/ David I. Schoen
Counsel for Victor J. Orena

cc: AUSA Elizabeth Geddes, Esq. (Via email)
AUSA Devon Lash, Esq. (Via email)