David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: 334-395-6611
Facsimile: 917-591-7586
E-Mail: Schoenlawfirm@gmail.com

September 12, 2021

Honorable Eric R. Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201      Re: *U.S. v. Orena*; 92-cr-351 (EK) (Related: 20-cv-4548 (EK))
\* Via ECF \*

Dear Judge Komitee:

I represent the Defendant (Movant), Mr. Victor Orena, in the above-referenced case.

On August 19, 2021, Your Honor entered a text only Scheduling Order on the docket sheet in this case. The Order provides as follows:

**SCHEDULING ORDER as to Victor J. Orena -- The Court will hold oral argument on October 13, 2021 at 2:00 p.m. on the Defendant's motion for compassionate release and will, if necessary, proceed to resentencing on that date as well. Counsel are directed to appear in person. Defense counsel shall file a letter by September 15 advising the Court how the Defendant wishes to appear.**

**In the event that the motion for compassionate release is denied, the Defendant should submit a revised Section 2255 petition on the second ground (newly discovered evidence), to be briefed as follows: Defendant to submit Petition by November 10, 2021; the government to respond by December 8, 2021; and Defendant to reply by December 20, 2021.**

**<u>Mr. Orena Should Appear in Person.</u>**

I write today first to comply with the directive in the first paragraph of the Order - to advise the Court that I am requesting that Mr. Orena be produced to appear in person for the proceedings on October 13, 2021. I recognize the logistical complications of producing him for the proceedings, in light of his medical issues, and apologize for any inconvenience; but the proceedings are, of course, vitally important to Mr. Orena's future and he should be there in person. To be clear, in light of the Court's language directing me to advise the Court how the "Defendant wishes to appear," based on Mr. Orena's medical condition, as previously detailed to

the Court, I am advised that it is not possible to have a discussion with him on this subject, such that he would understand the question and provide a knowing and meaningful relevant answer; but I base the request that he be permitted to appear in person on discussions with his family and on the facts that I certainly am not in a position to convey any sort of knowing and voluntary waiver from Mr. Orena, based on the nature of his medical condition and that the matter of is vital importance to his life.

**Other Issues Arising from the Scheduling Order:**

Respectfully, Your Honor, I would like to briefly address the Scheduling Order, beyond the question of the manner in which Mr. Orena wishes to appear on October 13, 2021.

### The Premise of the Order with Respect to Sentencing (as I understand it):

The Order provides that, after hearing oral argument on the compassionate release motion, the Court will, "if necessary" "proceed to resentencing" on October 13, 2021 as well. I understand this to mean that if the Court denies Mr. Orena's compassionate release motion, the Court will then proceed with the full *de novo* resentencing to which both the government and I have agreed Mr. Orena is entitled, based on the Second Circuit's remand Order.[1]

I would anticipate such a *de novo* sentencing proceeding to be rather involved, given the evidence discovered since Mr. Orena's original sentencing that bears on his conviction and relevant sentencing factors under 18 U.S.C. §3551 *et seq.* (especially §3553), and other developments in Mr. Orena's life that also are directly relevant to sentencing. But there are two other factors concerning this provision of the Order that I would like to address as well.

### Mr. Orena's Medical Condition and a *de novo* Sentencing:

Based on all of the medical records I have reviewed and anecdotal evidence provided by Mr. Orena's family members who have visited with him or otherwise interacted with him, I do not believe Mr. Orena's advanced dementia[2] would permit him either to understand the nature

---

[1] An alternative reading would be that the Court means it will proceed to resentencing on October 13, 2021, in the event it grants Mr. Orena's compassionate release motion, to sentence him to time served or some period of years that would result in his release. However, the "if necessary" language and the idea of proceeding to a formal resentencing leads me to conclude that this would not be the correct reading. Moreover, in those cases in which I have had compassionate release motions granted, the Court has not held a formal resentencing proceeding. Nevertheless, I want to make sure I am operating from the correct premise for purposes of this letter.

[2] Mr. Orena and the government have been permitted to file documents related to Mr. Orena's medical condition under seal due to their sensitive nature and many details surrounding

and consequences of the *de novo* sentencing proceedings or to assist with the sentencing consistent with Rule 32 of the Federal Rules of Criminal Procedure,[3] 18 U.S.C. §3553,[4] 18 U.S.C. §4241, and with his Fifth, Sixth, and Eighth Amendment rights to due process, to the assistance of counsel (and to assist counsel), and to be able to rationally understand the punishment imposed. *See e.g., Dusky v. United States*, 362 U.S. 402 (1960) (providing the still applicable framework for determining competency at trial - substantially codified at 18 U.S.C. §4241); *Panetti v. Quarterman*, 551 U.S. 930 (2007); *Gardner v. Fla.*, 430 U.S. 349, 358 (1977); *United States v. Nichols*, 56 F.3d 403, 410-413 (2d Cir. 1995) (referring to defendant's competency to stand trial and to be sentenced); *Wojtowicz v. United States*, 550 F.2d 786, 790, 793 (2d Cir.) *cert. denied*, 431 U.S. 972 (1977) (citing to *Dusky* and remanding the case "to the district court for a hearing limited to the issue of appellant's competency at sentencing"); *United States v. Sullivan*, 406 F.2d 180, 185 (2d Cir. 1969) (recognizing that the predecessor competency statute to 18 U.S.C. § 4241, 18 U.S.C. § 4244, provided that "no part of a criminal proceeding may be proceeded with against a defendant who is at the time insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him . . . ."); *United States v. Gigante*, 996 F. Supp. 194, 196-199 (E.D.N.Y. 1997); *United States v. Wolfson*, 616 F. Supp. 2d 398, 418-422 (S.D.N.Y. 2008); *United States v. Rothman*, 2010 U.S. Dist. LEXIS 127639 (S.D. Fla., August 18, 2010) (finding defendant who had been found competent for trial, not competent for sentencing due to progression of dementia).

### The Second Part of Mr. Orena's Remanded §2255 Motion Should be Litigated Before a Resentencing:

In the second paragraph of the Court's August 19, 2021 Scheduling Order, the Court sets a briefing schedule for the second ground (newly discovered evidence) of Mr. Orena's §2255 motion, in the event the compassionate release motion is denied. This would mean, if my understanding of the first paragraph is correct, that Mr. Orena would have a new sentence imposed on October 13, 2021, leading to the entry of a new judgment; but he would then be litigating his remanded successive §2255 motion which is directed to the original judgment of conviction and sentence.

Perhaps this is why the Scheduling Order directs Mr. Orena to file a "revised" §2255 motion after the new sentencing; but such a procedure would deny Mr. Orena the right to a new direct appeal, to which he is entitled under *Magwood v. Patterson*, 561 U.S. 320 (2010),

---

his condition remain private and sensitive; however, it has been publicly reported that he suffers from advanced dementia (Alzheimer's); so that fact is publicly disclosed here.

[3] *See e.g.,* Rule 32(i)(4)(a)(ii).

[4] *See e.g.*, 18 U.S.C. §3553(a)(2)(A), (B).

following the entry of a new judgment, arising from the *de novo sentencing*,[5] and would leave him open, potentially, to a procedural default argument for not raising issues on that direct appeal that he would be raising in his §2255 motion. *See e.g.*, *Johnson v. United States*, 2011 U.S. Dist. LEXIS 140505, *15-*27, 2011 WL 6075986 (S.D.N.Y., December 6, 2011) (government argued procedural default for not raising issues in "successive" §2255 on direct appeal). Any such argument should be rejected, as Mr. Orena's §2255 motion would not be successive after the new judgment is entered. *See Johnson v. United States*, 623 F.3d 41 (2d Cir. 2010); but I should not and cannot effectively waive Mr. Orena's right to a new direct appeal following his *de novo* resentencing. There could well be many issues that appropriately should be litigated on direct appeal, as a matter of first course.

As the Court has recognized, Mr. Orena's successive §2255 motion was remanded to this Court for two reasons - for the Court to vacate his sentence based on the issue under *United States v. Davis*, 139 S. Ct. 2319 (2019) and for the newly discovered evidence issue. Mr. Orena respectfully submits that, based on the remand order and the procedural posture of this case, if the compassionate release motion is denied, Mr. Orena ought to be able to proceed with the second ground of his remanded §2255 motion prior to the *de novo* sentencing for which the case also was remanded.

In November of 2020, in reply to the government's response [ECF# 1852] to the Court's Show Cause Order [ECF# 1851], I initially thought that perhaps, given Mr. Orena's health situation, it made sense to proceed directly to the *de novo* resentencing [See ECF# 1853 at 9]. However, during the course of a telephone conference held on April 29, 2021, for the purpose of determining how best to proceed in this case, I advised the Court that in order to address Mr. Orena's deteriorating health condition, I had decided to file a motion for his compassionate release. On April 30, 2021, the government filed a letter addressing a question the Court had posed the previous day as to the government's position concerning the ripeness of a motion for compassionate. The government concluded that because Mr. Orena's original sentence is still in place, a motion for compassionate release is, indeed, ripe [ECF# 1856].

By Text Order of May 12, 2021, the Court ordered me to advise the Court by May 21, 2021, as to whether Mr. Orena wishes to proceed with his compassionate release motion and hold the outstanding §2255 motion in abeyance. On May 13, 2021, I wrote to Your Honor, advising that we would like to go forward with the compassionate release motion and hold both the resentencing aspect of the §2255 motion in abeyance, along with the newly discovered evidence claims brought in the remanded §2255 motion [ECF# 1857].

For the reasons explained above, I respectfully submit that if the compassionate release motion is denied, the next step should be to permit Mr. Orena to litigate his newly discovered evidence claims through the pending §2255 motion. Just as the compassionate release motion

---

[5] *See also Wall v. United States*, 619 F.3d 152 (2d Cir. 2010) (new judgment as a result of a §2255 motion re-started the clock for filing a direct appeal).

goes to the sentence that remains in place (see ECF# 1856 - government argument that the compassionate release motion must be directed to the sentence currently in place), Mr. Orena's §2255 motion is directed to the judgment of conviction and sentence currently in place and he would be denied that opportunity if the Court instead first proceeds with a *de novo* resentencing as the Scheduling Order appears to contemplate.

## CONCLUSION

On behalf of Mr. Orena, and in response to the directive in the Court's August 19, 2021 Scheduling Order, I respectfully advise the Court that we wish to have Mr. Orena appear in person for the hearing on October 13, 2021.[6]

Additionally, I respectfully ask the Court to modify its Scheduling Order to provide for oral argument on the compassionate release motion on October 13, 2021, as scheduled; but that in the event the compassionate release motion is denied, to move next to the briefing schedule the Court has set in the August 19, 2021 text only Scheduling Order, for the second claim in Mr. Orena's pending §2255 motion. Mr. Orena respectfully asks the Court to schedule the *de novo* resentencing, if it is still necessary, for after the conclusion of the litigation on the pending/remanded §2255 motion which is directed to the judgment of conviction and sentence currently in place.

Respectfully,

/s/ David I. Schoen
Counsel for Victor J. Orena

cc: AUSA Devon Lash, Esq.
   AUSA Elizabeth Geddes, Esq. (Both Via ECF)

---

[6] As I am concluding this letter, I just received a message that Mr. Orena reportedly just had a stroke. I have not been able yet to confirm this report with the prison hospital officials where Mr. Orena is confined. I have sent an email to the legal department at the prison to ascertain the facts. The prison doctor with whom the Orena family had been communicating has not responded to their attempts to reach him since this litigation has been underway. If this report is accurate, it might affect his ability to travel to the hearing. I will continue to get information on this matter as quickly as possible and, if relevant to these issues, report my findings to the Court.