David I. Schoen
Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: 334-395-6611
Facsimile: 917-591-7586
E-Mail: Schoenlawfirm@gmail.com

June 23, 2023

Honorable Eric R. Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201           Re: *U.S. v. Orena*; 92-cr-351 (EK) (Related: 20-cv-4548 (EK))
*  Via ECF  *

Dear Judge Komitee:

     I represent the Defendant, Mr. Victor J. Orena, in the above-referenced case. I am writing pursuant to the Court's June 21, 2023 Text Order directing me to advise the Court as to (1) what categories of the defense is asking Probation to update; (2) whether the defense is requesting a new interview of Mr. Orena (or members of his family, in light of his health condition); and (3) whether the defense is amenable to an adjournment of the July 6 resentencing to permit Probation to make additional revisions.

**Background**

     On April 21, 2023, the Court entered a Text Order directing the Probation Department to provide an updated PSR for Mr. Orena to me by May 22, 2023, in advance of Mr. Orena's July 6, 2023 *de novo* resentencing. On May 24, 2023, the Probation Department sent me a "Revised" PSR and on June 7, 2023, I timely filed Objections to the Revised PSR. [ECF# 1924]. Before and after that I have been in communication with the U.S. Attorney's Office confirming that Mr. Orena would like to be present in court for his July 6th resentencing and that I join in that position. Recently, the U.S. Attorney's Office helped me arrange to speak directly with Mr. Orena. It was supposed to be a video call; but the facility officer with whom I spoke could not make that arrangement for a non-governmental video service; so I spoke by telephone with Mr. Orena. He advised me that he wants to be present and I reaffirmed that position with the U.S. Attorney's Office.

**The Revised PSR, Objections, and Update Request Categories**

     In my June 7, 2023 Objections to the PSR I tried to identify the areas of the PSR I believed ought to be updated. I used as a starting point of reference the information that goes in a

PSR pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure. I assume the Rule contemplates current information, accurate at the time the Defendant stands before the Court for a *de novo* resentencing and so I identified certain basic things in the PSR that I thought should be updated. Some were perhaps obvious (e.g. the "Revised" PSR presents Mr. Orena as 58 years old. He is almost 89 years old; his bank accounts and other financial information is not the same today as it was 31 years ago, during which he has been incarcerated). Others were perhaps more substantive. [ECF# 1924 at 4-7].

Secondly, it was evident from the great weight the Government placed on the information in Mr. Orena's original PSR in opposing his motion for Compassionate Release and the corresponding great weight the Court placed on each "fact" asserted in the original PSR in concluding that the 3553(a) factors outweighed extraordinary and compelling circumstances presented by this now almost 89 year old man, suffering from conditions deemed to be "terminal," including dementia, an inability to self-care, confinement to a wheelchair, the need for 24 hour assistance, heart attacks and other heart ailments, and virtually every other debilitating health condition known to mankind, that the PSR is an extremely significant document to this Court when considering the disposition of a case. It is important that it be accurate in all ways possible when the Court considers it. To be accurate as of the day of the *de novo* resentencing, it should appropriately reflect all relevant facts that have changed or come to light in a way since the original PSR and sentencing that contradict the "facts" in the original PSR. They are directly relevant to 3553(a) factors and the Court must have the newly discovered or changed facts reflected in the updated PSR so that the Court can resentence Mr. Orena as he stands before the Court on the day of resentencing.

That, of course, is one of the primary principles the Court emphasized in *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (June 27, 2022): "When a defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or the date of his conviction. .... Similarly, when a defendant's sentence is set aside on appeal, the district court at resentencing can (and in many cases, must) consider the defendant's conduct and changes in the Federal Sentencing Guidelines since the original sentencing." (Citations omitted).
.
The Probation Officer assigned to this PSR undoubtedly is an experienced professional and the Court certainly has tremendous experience in such matter. I would not presume to definitively advise the Court as to what portions of the Court must be updated to make it meaningful to the Court. I have identified in the Objections I filed those the areas that come to mind for me and that I specifically have asked to have updated for the PSR to more accurately reflect pedigree and substantive information to allow the Court to have truer picture of relevant sentencing factors as they exist today. I will reiterate those specific areas here; unfortunately, I am not sure how to do it in a form different from what I specified in the Objections. I am sorry that that form was not sufficiently informative; but I don't know how else to express it:[1]

---

[1] The most basic issue I raised in the Objections and that I believe has to be resolved as a threshold matter is that it appears that the Probation Department and the Government are

A.  On Page 2, the Court is advised that Mr. Orena is 58 years old.  Mr. Orena will be 89 years old on August 4, 2023.  Clearly his current age is a relevant sentencing factor.  On the same page, his residence address from over 30 years ago is listed.  Mr. Orena has been incarcerated continuously for over 30 years.

B.  A PSR, of course, is intended, *inter alia*, to present the Court with an accurate picture of the defendant's financial condition and ability to pay a fine.  This "Revised" PSR solely reflects Mr. Orena's purported financial condition over 30 years ago in ¶¶248-253. It also advises the Court that defense counsel requested that the Officer not discuss financial matters with Mr. Orena.  That might have been the case over 30 years ago; for the "Revised" PSR, neither the undersigned nor Mr. Orena (according to his family) was contacted at all by the Probation Department for any input into the Report.

C.  As this Court is aware, Mr. Orena suffers from overwhelming medical conditions, deemed terminal under all applicable regulations and guidelines.  He is confined to a wheelchair, unable to self-care, and suffers from dementia, which, according to reports by medical and correctional staff which the undersigned previously provided to the Court, renders Mr. Orena unable to know or understand who he is or where he is.  The "Revised" PSR includes one paragraph which, in summary fashion, minimizes the severity of his condition [¶224], and then goes on to provide his physical condition from over 30 years ago in 5 paragraphs [¶¶225-229].  Paragraph 222 makes passing reference to the BOP assessment of Mr. Orena's current risk for dangerousness or recidivism as the lowest level (minimum) [See ECF# 1864-2]; but it too gives short shrift to his overwhelming mental and physical disabilities and omits all of the productive activities in which he engaged for both personal rehabilitation and to help others.  See e.g., *Pepper v. United States*, 562 U.S. 476, 481 (2011) (courts consider rehabilitation since the original sentencing on resentencing).

Evidence of this already has been provided to the Court and is incorporated herein.  I would ask that the Probation Officer incorporate the updated information provided in the medical records that have been filed and obtain current medical records from the BOP that I am not able to obtain. The Court should have an accurate picture of his medical and mental health condition.  As I advised the Court on an earlier date, Mr. Orena had another heart attack since the denial of his Compassionate Release motion.

D.  Throughout the "Revised" PSR, reference is made to Mr. Orena's purported conduct beyond the conduct charged and for which he was convicted, attributed to information provided by the FBI or other unnamed "law enforcement" sources or "trial testimony" [See e.g. Pages 13-20].  Entirely absent from the "Revised" PSR is the abundant evidence of government misconduct which, several years after the original sentence was imposed, led Judge Weinstein to conclude that the government misconduct attending this case was "disturbing" and that on the law and

---

working from two different versions of the indictment as the operative document as I explain in the Objections. [ECF# 1924 at 3, n.4].

facts a decision vacating the judgment of conviction and sentence "might be justified.[2]"  The "Revised" PSR also omits all of the evidence of unprecedented government misconduct that was only uncovered after Judge Weinstein's decision, including a multiple count murder indictment for lead FBI agent Devecchio, a withheld report from a Top Echelon Confidential Informant advising the government that somehow else committed the murder for which Mr. Orena was convicted. [ECF# 1869-4; See also ECF# 1869 and exhibits - incorporated herein].  Clearly, all of this is relevant to providing the Court with a full, fair, and accurate picture of the circumstances to be considered under 18 U.S.C. 3553(a) as Mr. Orena now stands before this Court and the Revised PSR should be updated to reflect it, including all information and documents I have previously provided to the Court on this issue.

I also believe that especially since the PSR includes a section on the disposition of other "related" cases, (e.g. Revised PSR at 4), that section should be updated to include all current dispositions of the cases listed and, since the Court analyzed the 3553(a) factors as it did for purposes of the Compassionate Release motion, the PSR should also include reference to the many cases (including co-defendants here) in which reputed organized crime "bosses" or others to whom the Government has attributed leadership roles and multiple murders have been released recently by other judges in this district after having served far less time than Mr. Orena and who do not suffer from the kinds of mentally and physically debilitating conditions he suffers under.  This too should be directly relevant to 3553(a) factors.  I can help the Probation Officer identify those relevant cases if necessary and direct him to the reported decisions in which those other judges explain their 3553(a) analysis.  If this is not possible, I will provide that information in a Sentencing Memorandum.

Naturally, I intend to include this kind of information in a Sentencing Memorandum; but it should be a part of a Revised PSR since it relates directly to (and contradicts or casts doubt on the accuracy of) information in the current Revised PSR, from over 30 years ago and the Court has credited that old information already in this case, finding that for Compassionate Release purposes it could not consider it.  It can and must for *de novo* resentencing purposes.  If it remains omitted from an updated PSR, the Court will not have a full, fair, or accurate picture of the events presented in the PSR.  My Sentencing Memorandum is not a substitute for an accurate official PSR, of course, and I cannot know how to proceed with my Sentencing Memorandum (and the need, perhaps for a *Fatico* hearing) until I see an Addendum and learn the disposition of my Objections and the Court's intention to consider and weigh the information we challenge as inaccurate.

**Interview of Mr. Orena or His Family**

In my experience, the Defendant, and often his family, are interviewed as a matter of course in preparing a PSR, both for the Probation Officer to get the answers to relevant questions for the PSR and to help arrive at a sentencing recommendation if one is to be made.  I imagine

---

[2] *Orena v. United States*, 956 F. Supp. 1071, 1076 (E.D.N.Y. 1997) (Weinstein, J.).

practices vary among jurisdictions, and perhaps among Probation Departments. I had anticipated this would be done in preparing an updated PSR once one was ordered. Again, I do not want to be so presumptuous as to suggest what would be helpful to the experienced Probation Officer. I would request that at least Mr. Orena's son Andrew be interviewed. He is in closest contact with his father. I would like to participate in that interview as defense counsel. If the Probation Officer thinks an interview with the defendant, again I would like to be present.

**Amenability to an Adjournment of the July 6 Resentencing Date**

As a practical matter, at this juncture, it would seem that there is no meaningful option but to agree to an adjournment of the July 6 date if I want the Objections and requests for updates to the PSR, the interview(s), etc. to be a part of the process. I don't think it would be fair to expect this work to be completed in time for an updated PSR to be provided, Objections to be filed and considered, an Addendum to be prepared, a Sentencing Memorandum to be prepared, based on the Addendum, a decision to be made about the need for a *Fatico* hearing, and to undertake and complete preparation for a *Fatico* hearing of the nature and magnitude that Mr. Orena would be entitled to in the seemingly likely event the Court intends to continue to credit the disputed "facts" now included in the PSR which the Court relied heavily on in coming to its devastating conclusions for purposes of denying the Compassionate Release motion based on the 3553(a) factors.

**Conclusion**

To sum things up, I hope that in response to the Court's June 21st Text Order, I have sufficiently addressed the specific areas I am asking Probation to update, I have answered the interview question adequately, and I have made clear that the defense is amenable to adjourning the resentencing date in order to provide sufficient time for all of the above to take place. Obviously, in his terminal and debilitating condition timing is a factor for Mr. Orena; but it would seem that the work that must be done prior to resentencing will take a significant amount of time. That is unfortunate under the circumstances; but I do not know an alternative, given the failed Compassionate Release effort.

Respectfully,

/s/ David I. Schoen
Counsel for Victor J. Orena

cc: AUSA Devon Lash, Esq. (Via ECF)