

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JPM:DEL

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 26, 2023

By E-mail and ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Victor Orena
                  Criminal Docket No. 92-351 (EK)

Dear Judge Komitee:

        The government respectfully submits this letter in connection with defendant Victor Orena's resentencing, which is currently scheduled for July 6, 2023. Despite the government's previous agreement in 2020 that a de novo resentencing proceeding was required here, recent Second Circuit guidance now indicates it is not. United States v. Pena, 58 F.4th 613, 618 (2d Cir. January 27, 2023); see also Tellier v. United States, No. 21-2959, 2023 WL 3608394, at *1 (2d Cir. May 24, 2023). Therefore, given Orena's underlying criminal conduct, the three life sentences in place on counts unaffected by recent changes in caselaw, Orena's continued attempts to relitigate his underlying conviction, and the potential need for additional inquiry into Orena's current competency, the Court should simply correct his Judgement by vacating the conviction under Count Eight under 18 U.S.C. § 924(c) and the accompanying five-year sentence.

I.      Background

        The defendant was found guilty after a month-long jury trial in December 1992 of the following offenses: racketeering, in violation of 18 U.S.C. § 1962(c); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to murder Thomas Ocera, in violation of 18 U.S.C. § 1959(a)(5) and New York Penal Law Sections 125.25 and 105.15; the murder in-aid-of racketeering of Thomas Ocera, in violation of 18 U.S.C. §§ 1959(a)(1) and New York Penal Law Sections 125.25 and 20.00; conspiracy to murder members of the Persico faction of the Colombo family in-aid-of racketeering, in violation of 18 U.S.C. § 1959(a)(5) and New York Penal Law Sections 125.25 and 105.15; conspiracy to make extortionate extensions of credit, in violation of 18 U.S.C. § 892; conspiracy to make

extortionate collections of credit, in violation of 18 U.S.C. § 894; using and carrying of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and unlawful possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

The Honorable Jack B. Weinstein sentenced the defendant as follows:

| Count | Violation | Sentence |
|---|---|---|
| One | Racketeering, 18 U.S.C. § 1962(c) | Life |
| Two | Racketeering Conspiracy, 18 U.S.C. § 1962(d) | Life |
| Three | Conspiracy to Commit Murder-in-aid-of-Racketeering, 18 U.S.C. § 1959(a)(5) and New York Penal Law Sections 125.25 and 105.15 | 10 Years |
| Four | Murder in-aid-of racketeering of Thomas Ocera, 18 U.S.C. §§ 1959(a)(1) and New York Penal Law Sections 125.25 and 20.00 | Life |
| Five | Conspiracy to murder members of the Persico faction of the Colombo crime family in-aid-of racketeering, 18 U.S.C. § 1959(a)(5) | 10 Years |
| Six | Conspiracy to make extortionate extensions of credit, 18 U.S.C. § 892 | 20 Years |
| Seven | Conspiracy to make extortionate collections of credit, 18 U.S.C. § 894 | 20 Years |
| Eight | Using and carrying of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1) | 5 Years |
| Nine | Unlawful possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | 10 Years |

Counts One through Seven and Count Nine were to run concurrently. Count Eight was to run consecutively.

Over the next decade, the defendant filed a direct appeal, a motion pursuant to Federal Rule of Criminal Procedure 33, a petition pursuant to Title 28, United States Code,

2

Section 2255, and a motion Rule 60(b) of the Federal Rules Criminal Procedure. All motions were denied.

In June 2020, defendant sought leave to file a successive 28 U.S.C. § 2255 motion, arguing his 18 U.S.C. § 924(c) conviction, predicated on conspiracy to murder under 18 U.S.C. § 1959(a)(5), was no longer valid after <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019) and arguing that newly discovered evidence undermines the validity of his conviction. The Second Circuit granted the motion and transferred the proceeding to the district court on September 24, 2020. ECF Dkt. No. 1849. The government agreed that given <u>Davis</u>, Orena's Section 924(c) conviction must be vacated and the Court should undertake a full resentencing of Orena. ECF Dkt. No. 1852.

After a telephone conference with the Court on April 29, 2021, Orena requested the district court hold in abeyance his resentencing and Section 2255 motion, which would include the presentation of the additional evidence, pending the outcome of a motion for compassionate release. ECF Dkt. No. 1857 at 1-2.

In July and August 2021, the defendant sought compassionate release, and the government opposed the motion. On October 27, 2021, this Court denied the defendant's motion for compassionate release. ECF Dkt. No. 1876. The Second Circuit affirmed the district court's ruling. ECF Dkt. No. 1910.

On April 5, 2023, the Court directed defense counsel to submit a status report. On April 14, 2023, defense counsel submitted a letter requesting a <u>de novo</u> resentencing, citing to the government's letter dated October 15, 2020 (ECF Dkt. No. 1852) and <u>United States v. Powers</u>, 842 F.3d 177, 179 (2d Cir. 2016). ECF Dkt. No. 1922.

The Court ordered a resentencing to take place on July 6, 2023.

II.   <u>The Court Should Deny Orena's Request for De Novo Resentencing</u>

The government respectfully submits that the Court should not undertake a <u>de novo</u> resentencing for Orena given recent Second Circuit guidance, Orena's continued attempts to relitigate his underlying convictions, and statements in Orena's public filings that raises questions concerning his current mental competency. Instead, the Court should simply amend the judgment to remove the Section 924(c) conviction and the accompanying sentence.

    A.   <u>A De Novo Resentencing Is Not Required</u>

Section 2255 empowers districts courts, upon finding merit in some aspect of a collateral attack, to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The text of Section 2255(b) is explicitly discretionary and does not require <u>de novo</u> resentencing whenever a count of conviction is vacated. The Second Circuit recently explicitly confirmed the court's powers

3

in this context in United States v. Pena, 58 F.4th 613, 618 (2d Cir. January 27, 2023); see also Tellier v. United States, No. 21-2959, 2023 WL 3608394, at *1 (2d Cir. May 24, 2023).

As the Second Circuit explained in Pena, the "default rule" requires a de novo resentencing when a conviction is reversed in part on direct appeal. 58 F.4th at 619 (citing United States v. Rigas, 583 F.3d 108, 115–16 (2d Cir. 2009) (emphasis added)). This default rule does not apply to collateral challenges pursuant to Section 2255, because the statute "vests district courts with discretion to select the appropriate relief from a menu of options." Id. Instead, the Court has discretion to choose among four remedies when reviewing sentence affected by a collateral challenge. Id. at 618. A court may: "(1) vacate and set the judgment aside and . . . discharge the prisoner or (2) resentence him or (3) grant a new trial or (4) correct the sentence as may appear appropriate." Id. In Pena, the Second Circuit joined every circuit which had analyzed this issue. Id. (noting every circuit to analysis whether a de novo resentencing is required in this context has found that it is not).

In his April 14, 2023 request for a de novo resentencing, Orena cites to United States v. Powers, 842 F.3d 177, 179 (2d Cir. 2016).[1] This case provide no support for a de novo resentencing in the wake of Pena as it relies on cases that arose in context of direct appeal and had no occasion to consider, and did not consider, whether a de novo resentencing is required in the Section 2255 context.

B.      The Court Should Simply Correct Orena's Judgment

Rather than undertake a de novo resentencing, the Court should remove the Section 924(c) conviction under Count Eight and the accompanying five-year consecutive sentence and issue a revised judgment. Not only does this approach comport with Section 2255, but it is appropriate given Orena's underlying criminal conduct and the punishment he received — three concurrent life sentences for racketeering, racketeering conspiracy and the murder of Ocera. This approach would also eliminate the need to resolve the defense's baseless objections to the Presentence Investigation Report ("PSR"). See ECF Dkt. No. 1924. Finally, this would resolve the issue of whether a competency evaluation and hearing would be necessary before a de novo resentencing.

First, removing the Section 924(c) conviction and five-year consecutive sentence while retaining Orena's three life sentences is appropriate. The government's prior filing included detailed explanations of the criminal conduct that led Judge Weinstein to sentence Orena to three concurrent life sentences, including his leadership role in the Colombo crime family, his initiation of a years' long, immensely violent conflict that took many lives, and his order to underlings to kill specific individuals. As Judge Weinstein

---

[1] The government's letter dated October 15, 2020 (ECF Dkt. No. 1852) also noted a de novo resentencing on the remaining counts should occur. However, given the Second Circuit's 2023 decisions in Pena and Tellier, which clarified and confirmed the legal landscape, the government notes district court is not required to hold such a proceeding.

noted, "These mobsters, working within their own and with other mobs, have thrived in and cultivated a complex and pervasive culture of crime that infests and sucks dry entire communities and industries within this city and surrounding areas." United States v. Sessa, 821 F. Supp. 870, 874 (E.D.N.Y. 1993). These criminal organizations, including the Colombo crime family, continue to affect New York City to this day.

Second, at a de novo resentencing, Orena essentially seeks to the opportunity to challenge his convictions by arguing that subsequent developments of alleged government misconduct somehow cast doubt on his guilt. ECF Dkt. Nos. 1924 & 1925. This is not warranted. Judge Weinstein already held hearings and wrote a comprehensive opinion denying the Orena's motion on this ground. United States v. Orena, 956 F. Supp. 1071, 1076 (E.D.N.Y. 1997), affirmed, No. 97-2277 (2d Cir. Apr. 20, 1998) (summary order), cert. denied, 525 U.S. 874. Judge Weinstein did not merely reject Orena's arguments as unpersuasive; he remarked that accepting their contentions would "require[] crossing the line from rationality to paranoia." 956 F. Supp. at 1097. Judge Weinstein also found that Orena and his codefendant Amato had been convicted "by overwhelming evidence in fair trials." Id. at 1112.[2]

Third, and finally, holding a de novo resentencing proceeding may require additional fact-finding into Orena's competency.[3] Competency to understand the proceedings is required at resentencing proceedings. See United States v. Nichols, 56 F.3d 403, 410 (2d Cir. 1995) (noting competency is required to be sentenced); United States v. Evans, 332 F. App'x 561, 562 (11th Cir. 2009) (raising competency at resentencing); United States v. Williams, 819 F.2d 605, 608 (5th Cir. 1987). At the very least, additional investigation would be necessary.

---

[2] Orena also appears to seek a Fatico hearing concerning "a multiple count murder indictment for a lead FBI agent." Orena fails to mention that the case was dismissed in the middle of trial when the District Attorney's office discovered that its chief witness, Linda Schiro, had previously made a recorded statement that contradicted her trial testimony about the agent's involvement in the charged murders. The state court acknowledged that "there was no evidence presented at this trial, save the now discredited testimony of Linda Schiro, that the defendant committed any of the acts charged in the indictment." People v. Devecchio, No. 6825/05, 2007 N.Y. Misc. LEXIS 7827, at *5 (Sup. Ct. Nov. 1, 2007) (emphasis added). Furthermore, the aborted homicide prosecution was considered and rejected by the Second Circuit in another defendant's appeal. See United States v. Sessa, 711 F.3d 316, 320 (2d Cir. 2013).

[3] The government is advised that counsel for the defendant presently opposes any request for a competency evaluation.

IV.     Conclusion

        For the foregoing reasons, the government respectfully requests that the Court simply correct Orena's Judgement by removing the conviction and the accompanying five-year sentence under 18 U.S.C. § 924(c).

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:   /s/_____
      Devon Lash
      Assistant U.S. Attorney
      (718) 254-6014

cc:    Clerk of Court (EK) (by ECF and Email)
       David Schoen, Esq. (by ECF and Email)