UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

UNITED STATES OF AMERICA,

                                          **MEMORANDUM & ORDER**
                                              92-CR-00351 (EK)

        -against-

VICTOR J. ORENA,

                Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

       Defendant Victor Orena seeks a *de novo* resentencing proceeding.

**I.    Procedural History**

       Orena was convicted of a multitude of offenses at trial in 1992. These crimes, committed in connection with the so-called "Colombo Family War," *see* Superseding Indictment ¶¶ 1-10, ECF 38, included Racketeering, Racketeering Conspiracy, and Murder-in-aid-of-racketeering. Orena was also convicted of using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); this last count of conviction is at issue in the instant application.

       Judge Weinstein sentenced Orena to, among other things, three life sentences on the most serious charges of conviction, and also to five years — to run consecutively — on the 924(c) count. Orena's convictions and sentences were then

upheld on direct appeal, and again in connection with certain subsequent petitions under 28 U.S.C § 2255 and Rule 60(b). *United States v. Orena*, 32 F.3d 704 (2d Cir. 1994); *Orena v. United States*, 956 F. Supp. 1071 (E.D.N.Y. 1997); *Orena v. United States*, 299 F. Supp. 2d 82 (E.D.N.Y 2004).

In 2020, Orena sought permission to file a successive Section 2255 petition on two issues: he argued, first, that his conviction under Section 924(c) was no longer valid following the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019); and second, that newly discovered evidence warranted vacatur of his conviction. ECF 1849. The Second Circuit granted leave to file a successive Section 2255 motion on the first issue, but declined to consider the second. *Orena v. United States*, No. 20-1984 (2d Cir. Sept. 24, 2020).

In *Davis*, the Supreme Court held that Section 924(c)'s "residual clause" — which defines "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" — was unconstitutionally vague. *Davis*, 139 S. Ct. at 2323-24. On remand in the instant case, the government conceded that the 924(c) conviction needed to be vacated in light of *Davis*. ECF 1852. The government also conceded, at least initially, that Orena should be resentenced. *Id.*

At Orena's request, however, this court held his request for resentencing (and certain other relief) in abeyance pending the resolution of his separate petition for compassionate release. That motion was denied in October 2021. *See* ECF 1876. Subsequently, this matter was delayed on a number of additional occasions, generally at the request of Orena's counsel. *See* ECF 1925, 1950, 1953.

Following the Second Circuit's decision in *United States v. Pena*, 58 F.4th 613 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 147 (2023), the government revisited its position on resentencing: it is not, they now contend, required. ECF 1926, 1952. Orena's counsel agreed at oral argument that, following the *Pena* decision, this court has the discretion to conduct a *de novo* resentencing *or not*. For the reasons that follow, no resentencing proceeding will be held. Instead, the court issues an amended judgment herewith.

**II. Discussion**

Relying on the "plain text" of Section 2255, *Pena* held that district courts may, in their discretion, opt not to conduct a *de novo* resentencing when a conviction is vacated following a Section 2255 motion, at least so long as the resentencing would be a "strictly ministerial" affair. *Pena*, 58 F.4th at 615.

3

The procedural posture in which *Pena* was decided was perhaps distinguishable from this matter in one respect: Pena had been sentenced to multiple *mandatory* life sentences, in addition to the sentence on the vacated conviction, *id.*, whereas Orena's life sentences were not mandatory. But I do not read *Pena* to indicate that such a distinction would eliminate the discretion embedded in Section 2255. Indeed, if the mandatory life sentence were a necessary condition for the exercise of such discretion, that would not really amount to a "discretionary" standard at all.

In exercising my discretion to proceed with a corrected judgment, rather than *de novo* resentencing, I note the following considerations. In seeking resentencing, Orena relies — first and foremost — on his age and health challenges, including advanced dementia. Given these developments, Orena argues (credibly) that the risk of recidivism is markedly lower than it was at his original sentencing. But this court already considered Orena's health issues and recidivism risk in denying his motion for compassionate release. ECF 1876. In that order, I recognized that Judge Weinstein of course knew and expected that a life sentence would extend through Orena's old age and infirmity, and that the factors of just punishment, the violent and deadly nature of the offense conduct, and the need to afford adequate deterrence nevertheless dictated that a life sentence

was the only appropriate option.  For the reasons set out in this court's order on compassionate release, those factors do not merit *de novo* resentencing.  *Id.*

Orena also argues *de novo* resentencing is appropriate because the United States Sentencing Guidelines, which were mandatory at his original sentencing, are now advisory.  But as the government observes, Judge Weinstein clearly determined that a life sentence was appropriate on a Section 3553(a) analysis, rather than purely as a matter of the Guidelines' application. As he wrote in his comprehensive sentencing memorandum:

> The Guidelines are of little assistance in these cases.  They focus myopically on mechanical aspects of the offenses.  Their formulaic scheme fails to account for the overall picture of these defendants developed during three trials and in three thorough and exhaustive presentence reports.  These criminals must be punished in the proper context of their lives and their overall actions, not in the vacuum of "units," "offense levels" and "adjustments" created by the Guidelines.

*United States v. Sessa, et al.*, 821 F. Supp. 870, 875 (E.D.N.Y. 1993), *aff'd sub nom. United States v. Orena*, 32 F.3d 704 (2d Cir. 1994).

Orena's final argument is that this court should exercise discretion to conduct a *de novo* resentencing in consideration of certain "new evidence" that has come to light since 1992.  ECF 1927.  This is a reference to allegations of FBI corruption that, among other things, included a state-court

indictment (but not conviction) of an FBI agent involved in Orena's initial prosecution. In brief, Special Agent Lindley DeVecchio, who played a leading role in the Colombo family investigation that led to Orena's trial, was charged with murder in connection with alleged investigative misconduct involving his relationship with Gregory Scarpa, a co-conspirator and FBI informant. *See, e.g.*, *United States v. Persico*, 92-CR-0351, 1997 WL 867788 (E.D.N.Y. Mar. 13, 1997), *aff'd in part, rev'd in part sub nom. United States v. Orena*, 145 F.3d 551 (2d Cir. 1998); s*ee also* ECF 1927 at 8-15; *People v. DeVecchio*, 851 N.Y.S.2d 65 (N.Y. Sup. Ct. 2007). Among other things, DeVeccio was alleged to have provided Scarpa with confidential documents and law enforcement surveillance, including believed locations of Scarpa's potential rivals and targets, and to have failed to report Scarpa's ongoing criminal activity, of which he was aware. *Id.*

This argument fails for two reasons: first, the evidence is not as "new" as Orena would have it: it was the subject of two hearings presided over by Judge Weinstein, one in 1997 and another in 2003. *See* ECF 1223, 1728. In his 1997 opinion denying Orena's motion for dismissal of the indictment, Judge Weinstein addressed facts related to the alleged conspiracy between DeVecchio and Scarpa, and wrote that to conclude that "the undisclosed information is material and a

*Brady* violation exists" would require "crossing the line from rationality to paranoia."  *Orena v. United States*, 956 F. Supp. 1071, 1097 (E.D.N.Y. 1997).  And second, as the government persuasively argues, challenges to the validity of Orena's conviction ought to be brought via a Section 2255 petition, and Orena currently has none pending on this subject.  *See United Stats v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) ("[F]acts and arguments that purport to undermine the validity of a federal conviction must be brought on direct appeal or pursuant to 28 U.S.C § 2255 or § 2241."); *United States v. Antney*, 17-CR-229, 2021 WL 4502478, at *5 (E.D.N.Y. Sept. 30, 2021) (noting that the proper procedure for challenging the validity of a conviction is on direct appeal or through a habeas petition).

Though Orena does not heavily rely on it, there is one additional change from 1992 that explains the potential need for resentencing in the first place: the vacatur of his 924(c) and sentence.  But that conviction was a minor factor, at best, in the total picture of Orena's trial — plainly insufficient to require resentencing of the eight other counts of conviction.

Orena's request for *de novo* resentencing is denied. An amended judgement, which removes Orena's conviction and sentence on Count Eight, is issued herewith.

SO ORDERED.

7

```
                              /s/ Eric Komitee
                              ERIC KOMITEE
                              United States District Judge
```

Dated:    March 20, 2024
          Brooklyn, New York