UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

UNITED STATES,

                                                           **MEMORANDUM & ORDER**

      -against-                                        92-CR-351(EK)

VICTOR J. ORENA,

               Defendant.

-------------------------------------x

ERIC KOMITEE, United States District Judge:

       This case has a lengthy post-conviction history. In the last five years, Victor Orena has moved for a writ of habeas corpus, resentencing, and compassionate release. This Court denied Orena's first motion for compassionate release, but invited Orena to renew his motion in the event of "significant further deterioration of his health." ECF No. 1876. I also denied his request for *de novo* resentencing, instead vacating one count of Orena's conviction, which was no longer valid following a 2019 Supreme Court case, and entering an amended judgment removing the invalid conviction and sentence. *See* ECF No. 1963. Orena appealed, ECF No. 1966, and that appeal remains pending, *see United States of America v. Orena*, Docket No. 24-835.

       Orena has now filed a second motion for compassionate release. ECF No. 1976. As described below, however, this Court

lacks jurisdiction to grant Orena's motion for compassionate release while his motion for resentencing is on appeal. The motion for compassionate release is therefore deferred.

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).[1] Orena has appealed this Court's denial of resentencing and entry of an amended judgment, both of which address modification of his sentence. His motion for compassionate release also seeks modification of his sentence. This Court therefore lacks jurisdiction to grant Orena's motion for compassionate release. *See, e.g.*, *United States v. Skelos*, No. 15-CR-317, 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant's pending appeal deprives this Court of jurisdiction to grant his motion for compassionate release."); *United States v. Prussick*, No. 20-CR-00048, 2024 WL 2188700, at *2 (E.D.N.Y. May 15, 2024) (expressing same view).

Federal Rule of Criminal Procedure 37, regarding "indicative rulings," addresses this situation. In the advisory

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

committee's notes to the 2011 amendment of that rule, the committee identified compassionate release motions as among three types of motion for which the drafters "anticipated" the Rule would be "used primarily if not exclusively." Under Rule 37, when "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the Court may "(1) defer considering the motion; (2) deny the motion; or (3) state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

I will defer consideration of Orena's motion, pending the conclusion of his appeal. The motion is based primarily on Orena's medical condition, which he indicates (and the government does not dispute) is worsening. Still, the Court continues to be conscious of Judge Weinstein's comprehensive sentencing memorandum, which describes the carnage wrought by Orena's conduct in pyrotechnic detail. *See United States v. Sessa*, 821 F. Supp. 870 (E.D.N.Y. 1993), *aff'd sub nom. United States v. Amato*, 15 F.3d 230 (2d Cir. 1994), *and aff'd sub nom. United States v. Orena*, 32 F.3d 704 (2d Cir. 1994), *and aff'd*, 41 F.3d 1501 (2d Cir. 1994). Moreover, Judge Weinstein made clear his belief that a life sentence was needed to satisfy the "[s]tautorily mandated" consideration of general deterrence,

separate and apart from the then-mandatory Sentencing Guidelines. *Id.* at 871. Thus, pending further consideration, I note now that I continue to believe that the offense conduct weighs against release under Section 3582(c), notwithstanding the continued deterioration of his health that Orena describes.

The motion for compassionate release is therefore deferred.

SO ORDERED.

       /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    May 23, 2025
           Brooklyn, New York