UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

UNITED STATES OF AMERICA,

       -against-

VICTOR J. ORENA,

             Defendant.

--------------------------------------x

**MEMORANDUM & ORDER**
92-CR-351(EK)

ERIC KOMITEE, United States District Judge:

Currently before the Court is Victor Orena's second motion for compassionate release.

The facts underlying this petition were set forth in this Court's order of October 27, 2021, denying Orena's first motion for compassionate release. *See* Mem. & Order, ECF No. 1876. This order assumes familiarity with that one. In brief, Orena was a senior member of the Colombo organized crime family and served as its acting boss for some time. In 1992, a jury convicted him of a litany of crimes including murder, murder conspiracy, and racketeering.

The basis for Orena's first motion for compassionate release was that he suffered from numerous serious medical conditions that constituted "extraordinary and compelling reasons" justifying release. First Compassionate Release Mot. 1-4, ECF No. 1864. The Court denied that motion, concluding that his medical conditions failed to overcome the 18 U.S.C.

§ 3553(a) factors — including especially the death and destruction wrought by his conduct — that militated in favor of his continued imprisonment.  Mem. & Order 6.  Orena appealed that decision, and the Second Circuit affirmed.  *United States v. Amato*, 48 F.4th 61, 66 (2d Cir. 2022).

In April 2025, Orena moved for compassionate release for a second time.  Second Compassionate Release Mot., ECF No. 1976.  The Court held that it lacked jurisdiction to grant that motion while Orena's resentencing was on appeal.  Mem. & Order Deferring Decision, ECF No. 1980.  The Second Circuit has since affirmed the decision on resentencing (and the mandate has now issued), thus restoring this Court's jurisdiction.  *See* ECF No. 1985.[1]  Thereafter, in January 2026, Orena renewed his second motion – this time, proceeding *pro se.*  Renewed Second Mot. For Compassionate Release, ECF No. 1990.

We first address his counseled motion and then turn to his renewed motion.

Counsel again recites the litany of serious ailments

---

[1] The Court has consistently accommodated Orena's preferences regarding the order of consideration of his numerous post-conviction motions.  *See* ECF Nos. 1871, 1878, 1922.  Orena received leave to file a second or successive Section 2255 petition from the Second Circuit.  *See* ECF No. 1850 at 11-12.  But he ultimately requested that resentencing proceed before the briefing or adjudication of any Section 2255 petition.  *See* ECF No. 1922 at 3.  At a February 2024 status conference, the Court confirmed that there is no currently pending Section 2255 petition.  *See* Transcript of February 1, 2024 Conf. at 23:23-25;24:1-3.  Indeed, there are no motions for further relief currently pending before the Court.  Accordingly, the Clerk of Court is directed to terminate Case No. 20-CV-04548.

from which he suffers, including Alzheimer's disease and other degenerative diseases. As the Court stated before, these serious ailments constitute extraordinary and compelling circumstances under 18 U.S.C § 3582(c). The government does not dispute this conclusion. *See* Government Opposition 12, ECF No. 1977. But before granting compassionate release, the Court must also consider the Section 3553(a) sentencing factors. 18 U.S.C § 3582(c)(1)(A); *see also United States v. Fernandez*, 104 F.4th 420, 430 (2d Cir. 2024) ("[T]he analysis of whether 'extraordinary and compelling reasons' for a sentence reduction exist is separate from the question of whether the section 3553(a) sentencing factors warrant a sentence reduction."), *cert. granted in part*, No. 24-556, 2025 WL 1496486 (May 27, 2025).[2]

The conditions Orena relies upon largely mirror those he cited in his first motion for compassionate release. *Compare* First Compassionate Release Mot. 7-8 *with* Second Compassionate Release Mot. 5, 17-18. He does argue that his conditions have generally worsened, and he references several recent hospitalizations during which he was treated for heart and lung failure, among other things. *See* Second Compassionate Release Mot. 20-23. Once again, the government does not dispute that

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

his condition has worsened.  Gov't Opp'n at 12.

But even to the extent Orena has experienced a significant decline, the primary basis for the Court's previous denial remains: Section 3553(a) factors including, most prominently, the seriousness of the offense conduct, which left so many dead (including innocent bystanders); the defendant's history and characteristics; and the need for just punishment. *See* Mem. & Order 5-9.  Judge Weinstein thoroughly considered all Section 3553(a) factors before sentencing Orena to life in prison.  *See United States v. Sessa*, 821 F. Supp. 870, 873-74 (E.D.N.Y. 1993), *aff'd sub nom. United States v. Amato*, 15 F.3d 230 (2d Cir. 1994), *and aff'd sub nom. United States v. Orena*, 32 F.3d 704 (2d Cir. 1994), *and aff'd*, 41 F.3d 1501 (2d Cir. 1994).  This Court has considered those factors, too, both in response to Orena's original petition for compassionate release, *and* again now.

As Judge Weinstein recognized at sentencing in 1993, no sentence apart from life imprisonment would reflect the seriousness of Orena's campaign of violence and destruction or his history as a career criminal.  *Id.* at 874-75.  Orena was a leader in the Colombo family and oversaw a massive campaign of violence against his enemies, resulting in the death of numerous victims, including innocent bystanders, and injury to many more. Revised Presentence Report ¶¶ 43, 44, 54-55, 268, ECF No. 1923.

He wrought carnage throughout New York and New Jersey.  *Sessa*,

821 F. Supp. at 872-73.  And the activity of the Colombo family,

including through his efforts, financially "drain[ed]" and

caused "deterioration" of New York City.  *Id.* at 874.

We next turn briefly to the defendant's *pro se* motion.[3]

At the outset, that motion is improper given his counseled

status.  *See United States v. Rivernider*, 828 F.3d 91, 108 (2d

Cir. 2016).  Even so, Orena's *pro se* motion does not establish

that compassionate release is warranted.  Apart from repeating

the arguments in his counseled motion, he invokes a provision in

the Sentencing Guidelines' policy statement on compassionate

release — U.S.S.G. § 1B1.13(b)(6).  That provision states that

when a "defendant has received an unusually long sentence and

has served at least 10 years of [that sentence], a change in the

law . . . may be considered in determining whether the defendant

presents an extraordinary and compelling reason, but only where

such change would produce a gross disparity between the sentence

being served and the sentence likely to be imposed at the time

the motion is filed."  Section 1B1.13(b)(6).

Orena has identified no "material change in law" that

qualifies under this section's standard.  *See United States v.*

---

[3] The Court observes that Orena's *pro se* motion articulates coherent (if unavailing) arguments, raising at least a question regarding how he prepared this filing in light of the serious degenerative diseases that form the basis for his counseled motion.  Ultimately, this question does not matter to the analysis herein.

*Orlandez-Gamboa*, No. 25-279-CR, 2026 WL 471835, at *3 (2d Cir. Feb. 19, 2026).  Instead, he simply points to *United States v. Booker*, 543 U.S. 220 (2005), in which the Supreme Court held that the Guidelines were to be advisory.  *Id.* at 247.  Orena appears to argue that because he was sentenced under a Guidelines framework that was mandatory, he would likely receive a different sentence were he sentenced today.  As explained above, however, Judge Weinstein held that the Section 3553(a) factors "require a life sentence" for Orena.  *Sessa*, 821 F. Supp. at 871.  He then determined that this sentence was consistent with the Guidelines' mandated term of life imprisonment.  *Id.*  Orena has made no showing that the Guidelines' advisory nature would lead to a different analysis under the Section 3553(a) factors, no less "produce a gross disparity" with the sentence he received.

Given the foregoing, and the reasons cited in this Court's prior order on compassionate release, the motions must be denied.  The Clerk of Court is directed to terminate Case No. 20-CV-04548.


SO ORDERED.


/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    April 27, 2026
          Brooklyn, New York